```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF NEW YORK

PHILIP YATES,                    )
                                 )
     Plaintiff,                  ) Civil Action No. 9:08-01106-JMH
                                 )
v.                               )
                                 )
BRIAN FISHER, et al.,            )
                                 )      DECISION & ORDER
     Defendants.                 )
```

\*\*   \*\*   \*\*   \*\*   \*\*

HOOD, J.

Philip Yates commenced this action on October 16, 2008. An amended complaint was filed on April 30, 2009 alleging violations of Yates's constitutional rights, as well as violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (Dkt. No. 48) The matter is before the Court on Defendants' motions to dismiss the amended complaint (Dkt. Nos. 53 and 63). Fully briefed, they are ripe for decision.

### Docket No. 53

This motion to dismiss under Fed. R. Civ. P. 12(b)(6) was submitted by Defendants New York State Department of Correctional Services ("DOCS"), Picente, Richardson, Simmons, Hayes, Abbis, Clark, Smith, Dr. Ramineni, Ferraro, DeBrascio, Drayton, Youmans, Fischer, Hulihan and Phillips. The allegations in the amended complaint directed at each movant will be separately addressed.

The amended complaint alleges violations of Plaintiff's First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. In

assessing Plaintiff's amended complaint as to the moving Defendants, the teachings of *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949 (2009), guide the Court. There, the Supreme Court wrote:

> We turn to respondent's complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

*Id.* at 1949.

To allege a constitutional violation under 42 U.S.C. § 1983, a pleading must state facts sufficient to support a finding that

the defendant was personally involved in the alleged violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). For this reason, liability of a state official cannot be established under the doctrine of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948.

**Picente**

The amended complaint contains no allegations whatsoever against Picente. Hence, Plaintiff has failed to state a cause of action against this Defendant.

**Richardson and Simmons**

The amended complaint alleges that Richardson and Simmons "unlawfully retaliated against the Plaintiff for exercising his right to petition the government for redress, when she (DeBrascio) wrongfully removed Plaintiff from Alcohol and Substance Abuse Treatment..." This allegation pertains only to DeBrascio, not Richardson and Simmons. Hence, Plaintiff has failed to state a claim against them.

**Hays**

In his amended complaint, Plaintiff alleges that Inmate Records Coordinator Hayes failed to give him a copy of his welding certificate in an attempt to hinder his preparation for his appearance before the merit board. As Plaintiff has no constitutional right to appear before the merit board, he obviously has no right to prepare to appear before the merit board. *See Edwards v. Ladlair*, No. 9:07-CV-59, 2008 US Dist LEXIS 59489, at

*8-11 (N.D.N.Y. 2008).

While the terms "retaliation" and "retaliatory" are used by Plaintiff in an apparent attempt to somehow link this otherwise benign alleged conduct of defendant Hayes with an unconstitutional motive, see *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (plaintiff bears the burden to show that he engaged in constitutionally protected conduct, and that the protected conduct was a substantial or motivating factor in prison officials' decision to take adverse action against him), the use of such "buzz words" for that purpose does not cure a pleading defect such as the one herein. See *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1986) (the Second Circuit has repeatedly held that complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"); see also, e.g., *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)("unsupported, speculative, and conclusory" allegations should be dismissed); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("[c]laims by prisoners that particular administrative decisions have been made for retaliatory purposes are prone to abuse. Virtually every prisoner can assert such a claim as to every decision which he or she dislikes."); *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) (where allegations of retaliation and conspiracy are "wholly conclusory," the complaint

4

"can be dismissed on the pleadings alone"); *Justice v. Coughlin*, 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) ("In recognition of the reality that retaliation claims can be fabricated easily, [inmates] bear a somewhat heightened burden of proof, and dismissal can be granted if the claim appears insubstantial").  As this is the situation in this instance, Plaintiff's claims against Hayes will be dismissed.

### Abbis and Clark

The amended complaint alleges that defendant Abbis ordered Plaintiff to enter the welding program, which was supervised by defendant Clark, without investigating whether the plaintiff was already a "master welder". (Dkt. No. 48 at ¶18).  These allegations fail to allege any constitutional violation and therefore Plaintiff's claims against Abbis and Clark will be dismissed.

### Smith

The only mention of defendant Smith in the amended complaint is an allegation that "Smith denied Plaintiffs (sic) abilities, makeing (sic) him to (sic) do a non needed vocational, in which plaintiff had to walk up 3 flights of stairs". (Dkt. No. 48 at ¶19). The most favorable reading of this allegation appears to allege an ADA/Rehabilitation Act claim against Smith, which is not permissible against an individual defendant, as discussed below. Since the single factual allegation against Smith does not allege any type of constitutional violation, the amended complaint will be

dismissed as against Smith.

### Dr. Ramineni

Plaintiff alleges that Dr. Ramineni denied plaintiff medical care for a number of alleged medical problems (Dkt. No. 48 at ¶¶20, 47), and denied the Plaintiff a permit for sneakers. (Dkt. No. 48 at ¶22).  However, the amended complaint is completely devoid of any allegations that could support a finding that Dr. Ramineni acted with deliberate indifference to a serious medical need in allegedly denying Plaintiff medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Therefore, the amended complaint shall be dismissed as to Dr. Ramineni.

### Ferraro

The amended complaint alleges that Defendant Ferraro threatened to remove Plaintiff from the ASAT program and also falsely told the Plaintiff that there were charges or a warrant against him for a sex offense.  (Dkt. No. 48 at ¶¶14-15).  First, threats are not adverse actions sufficient to allege a retaliation claim. *See Murray v. Michael*, No. 9:03-CV-1434, 2005 US Dist LEXIS 32392, at *17, 45-46(N.D.N.Y. 2005). Second, while the alleged false statement may have been distasteful, even if true, it is not violative of any constitutional provision. *See Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) (stating that "verbal harassment

6

or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). Therefore, Plaintiff's claims against defendant Ferraro will be dismissed.

### DeBrascio

The amended complaint alleges that DeBrascio removed Plaintiff from the ASAT program based on a false allegation that he violated a rule. (Dkt. No. 48 at ¶11). This allegation fails to allege a constitutional violation. Plaintiff does not have a constitutional right to participate in the ASAT program, *see Chapdelaine v. Commissioner*, No. 01-CV-7364, 2002 US Dist LEXIS 17890, at *22 (S.D.N.Y. 2002) (stating that an inmate does not have a constitutional right to specific rehabilitative programs), or not to be falsely charged with a rule violation. *See Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986). Additionally, the mere insertion of the bare assertion that DeBrascio "retaliated against the Plaintiff for exercising his right to petition the government for redress" does not operate to state a First Amendment retaliation claim. *See Barr*, 810 F.2d at 362. Having failed to allege a constitutional violation by DeBrascio, Plaintiff's complaint against him shall be dismissed.

### Drayton

7

The amended complaint alleges that Counselor Drayton (1) "altered Plaintiff's records to make it appear that the Plaintiff needed programs that he did not" (Dkt. No. 48 at ¶21) and (2) wrote a letter to Plaintiff that said that his deceased father would be visiting. (Dkt. No. 48 at ¶26). Again, Plaintiff does not have a constitutional right relating to the need to do, or not do, specific programming. *See Chapdelaine* at *22. Additionally, the alleged conduct of Drayton writing a letter about Plaintiff's deceased father, while distasteful and highly unprofessional, did not violate a constitutional right of Plaintiff. *See Shabazz*, 994 F. Supp. at 474. Therefore, Plaintiff's claims against Drayton will be dismissed.

**Youmans**

The amended complaint alleges that defendant Youmans threatened to withhold Plaintiff's welding certificate if he continued to write grievances. (Dkt.No. 48 at ¶¶19, 20) Such a threat, standing alone, cannot support a retaliation claim, and therefore, this claim against defendant Youmans shall be dismissed. *See Murray* at * 17, 45-46.

**Fischer**

In paragraph 5 of the amended complaint, the plaintiff alleges that Commissioner Fischer "is responsible for the supervision, management and control of all DOCS facilities". (Dkt. No. 48 at ¶5) Commissioner Fischer is not otherwise mentioned in the amended

complaint. Since supervisory officials may not be liable for a constitutional violation committed by a subordinate, the allegations against Fischer in the amended complaint do not state a claim under § 1983. *Iqbal*, 129 S.Ct. at 1948. The claims against Fischer shall be dismissed.

### Hulihan and Phillips

The amended complaint alleges that Superintendent Hulihan and Deputy Superintendent Phillips, as supervisors, (1) "encouraged, directed, ratified, and knowingly acquiesced" in the alleged actions of other defendants "both individually and in pursuance to a common plan or design" (Dkt. No. 48 at ¶¶23, 24, 32) and (2) failed to "regulate and control the discretion of subordinate law library officials". (Dkt. No. 48 at ¶25).  These conclusory allegations fail to contain the necessary factual assertions to state a Section 1983 claim against Hulihan and Phillips. *Iqbal*, 129 S.Ct. at 1949-50.  Therefore, plaintiff's claims against these defendants shall be dismissed.

### New York State Department of Correctional Services

The amended complaint is devoid of any factual allegations against defendant DOCS.  Moreover, as an agency of the State, DOCS is not subject to § 1983 liability.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Plaintiff's § 1983 claims against DOCS will be dismissed.

### ADA and Rehabilitation Act Claims

9

The courts in this Circuit have repeatedly held that liability under the ADA and Rehabilitation Act lies only against the State, and individual liability is therefore foreclosed. *See Rosa v. Dibble,* 03-CV-0873, 2004 U.S. Dist. LEXIS 9297, *6 (W.D.N.Y. 2004) (stating that the courts in the Second Circuit routinely hold that no individual liability attaches in Title II ADA claims); *Herzog v. McLane Northeast, Inc*., 999 F.Supp. 274, 276 (N.D.N.Y. 1998); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2002) (stating that the same analysis is applied in Title II ADA claims and Rehabilitation Act claims). As a result, Plaintiff's ADA and Rehabilitation Act claims against the individual defendants shall be dismissed.

## Offical Capacity Liability

The Eleventh Amendment of the United States Constitution bars suits against New York State unless New York State consents to be sued, or federal legislation overrides the State's sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Mullin v. New York State Department of Motor Vehicles*, 942 F.Supp. 110, 111 (E.D.N.Y 1996). This immunity also extends to state officers who are sued in their official capacities. *Id*. at 112. Therefore, Plaintiff's claims against these Defendants in their official capacities shall be dismissed.

**Docket No. 63**

This motion to dismiss was filed on behalf of defendants Wright, Perlmutter, Certelli, Garza, Fortnam, Kirville, Nelson and Goodeuough pursuant to Fed. R. Civ. P. 12(b)(6). The standards set forth above shall govern the court's consideration of the instant motion.

### Wright

The amended complaint only alleges that Wright is the supervisor of Dr. Ramineni and "Mr. D.", who allegedly denied plaintiff medical care. (Amend. Compl. at ¶47). Liability against a supervisory official for an alleged constitutional violation cannot be based on a *respondeat superior* theory of liability. *See Iqbal*, 129 S.Ct. at 1948. Since the amended complaint fails to allege personal involvement on the part of Wright, Plaintiff's claims against him shall be dismissed.

### Perlmutter

The amended complaint alleges that Law Library Coordinator Perlmutter failed to "regulate and control the discretion of subordinate law library officials". (Amend. Compl. at ¶25). Again, the plaintiff attempts to allege liability of a supervisor – here, Perlmutter – for the alleged acts of subordinates. Since such allegations fail to state a constitutional claim, *see Iqbal*, at 1948, the amended complaint shall be dismissed as to Perlmutter.

### Certelli

The amended complaint alleges that Critelli forced Plaintiff

to stand in the bathroom area for three hours for no reason and threatened the use of force if the plaintiff did not walk approximately one mile to get cleaning supplies. (Amend. Compl. at ¶47)  First, the fact that the plaintiff was "[f]orced . . . by threats to stand in dorm bathroom area from 8:00am to 11:00 am for no reason" (Amend. Compl. at ¶47) does not state a claim of a constitutional violation. *See Bourdon v. Roney*, No. 9:99-CV-0769, 2003 US Dist LEXIS 3234, *6, 27 (N.D.N.Y. 2003)(plaintiff alleged, inter alia, that he was forced to stand handcuffed for three hours and the court held, "[t]he mere fact that [plaintiff] was uncomfortable for several hours is not enough to establish a constitutional violation."). Second, threats do not constitute constitutional violations. *See Montero v. Cruise*, 153 F. Supp.2d 368, 376 (S.D.N.Y. 2001) ("Verbal threats or harassment, unless accompanied by physical force or the present ability to effectuate the threat, are not actionable under §1983"). Therefore, Plaintiff's claims against defendant Certelli shall be dismissed.

### Garza

The only allegation in the amended complaint against Garza states that other Defendants coerced the plaintiff into writing a letter that could be used by Garza to accuse the Plaintiff of potential harassment. (Amend. Compl. at ¶30). This allegation alleges no conduct, or personal involvement on Garza's part. Therefore, Plaintiff's claims against defendant Garza shall be

dismissed. *See Farrell*, 449 F.3d at 484.

### Fortnam

The amended complaint alleges that Fortnam interfered with plaintiff's religious practice on a single occasion and wrote a false misbehavior report against the plaintiff. (Amend. Compl. at ¶24). First, a single instance of an alleged interference with religious practice is insufficient to state a constitutional claim. *See Hankins v. New York State Department of Correctional Services*, No. 9:07-CV-0408, 2008 US Dist LEXIS 68978, at *31 (N.D.N.Y. 2008). Second, the plaintiff does not have a constitutional right not to be falsely charged with a rule violation. *See Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986). The amended complaint further alleges that defendant Fortnam made various threats against the plaintiff in alleged retaliation for plaintiff "exercising protected conduct". (Amend. Compl. at ¶24). Threats do not constitute adverse actions for purposes of pleading a retaliation claim. *See Murray v. Michael*, No. 9:03-CV-1434, 2005 US Dist LEXIS 32392, *17, 45-46 (N.D.N.Y. 2005). While the terms "retaliation" and "retaliatory" are used by the plaintiff in an apparent attempt to somehow link this otherwise benign alleged conduct of Fortnam with an unconstitutional motive, *see Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (plaintiff bears the burden to show that he engaged in constitutionally protected conduct, and that the protected conduct was a substantial or motivating factor in prison

officials' decision to take adverse action against him), the use of such "buzz words" for that purpose does not cure a pleading defect such as the one herein. *See Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1986) (the Second Circuit has repeatedly held, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning" ); *see also, e.g., Boddiev. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)("unsupported,speculative, and conclusory" allegations should be dismissed); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("[c]laims by prisoners that particular administrative decisions have been made for retaliatory purposes are prone to abuse.  Virtually every prisoner can assert such a claim as to every decision which he or she dislikes); *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) (where allegations of retaliation and conspiracy are "wholly conclusory," the complaint "can be dismissed on the pleadings alone"); *Justice v. Coughlin,* 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) ("In recognition of the reality that retaliation claims can be fabricated easily, [inmates] bear a somewhat heightened burden of proof, and dismissal can be granted if the claim appears insubstantial").  Therefore, Plaintiff's claims against Fortnam shall be dismissed.  *See Iqbal*, 129 S.Ct. at 1948-49.

**Kirville**

The only allegation in the amended complaint about Kirville is that he searched plaintiff's designated area in the housing unit. (Amend. Compl. at ¶41) "[C]ell searches, even if retaliatory, do not offend the constitution and are not actionable" in a § 1983 action. *See Amaker v. Kelley*, No. 9:01-cv-877, 2009 US Dist LEXIS 9942, n.2 (N.D.N.Y. 2009). As Plaintiff's allegation that Kirville searched plaintiff's housing unit is insufficient to state a constitutional claim, the claim against Kirville shall be dismissed.

### Nelson

The amended complaint alleges that Nelson read, removed and destroyed Plaintiff's legal papers (Amend. Compl. at ¶¶38-39) and filed a false misbehavior report against the Plaintiff. (Amend. Compl. at ¶42). To allege a constitutional claim based on the taking or destruction of an inmate's legal documents, an inmate plaintiff must allege actual injury, which the complaint herein fails to do. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Additionally, as stated above, the filing of a false misbehavior report is not a constitutional violation. *See Freeman*, 808 F.2d at 953. Therefore, the amended complaint shall be dismissed as to Nelson.

### Goodeough

The amended complaint alleges that Goodeuough searched and read plaintiff's legal work and was "belligerent and outright

15

disrespectful". (Amend. Compl. at ¶¶35-36). As with his claim against Nelson discussed above, Plaintiff fails to allege that he suffered actual injury as a result of defendant Goodeuough reading his legal papers. Therefore, this allegation against Goodeuough fails to state a claim. *See Lewis*, 518 U.S. at 350. Additionally, belligerence or disrespect does not constitute a constitutional violation. *See Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (stating that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983.") As a result, the amended complaint shall be dismissed as against Goodeuough.

### ADA and Rehabilitation Act Claims

The courts in this Circuit have repeatedly held that liability under the ADA and Rehabilitation Act lies only against the State, and individual liability is therefore foreclosed. *See Rosa v. Dibble,* 03-CV-0873Sc, 2004 U.S. Dist. LEXIS 9297, *6 (W.D.N.Y. 2004) (stating that the courts in the Second Circuit routinely hold that no individual liability attaches in Title II ADA claims); *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2002) (stating that the same analysis is applied in Title II ADA claims and Rehabilitation Act claims). As a result,

Plaintiff's ADA and Rehabilitation Act claims against the individual defendants shall be dismissed.

### Offical Capacity Liability

As discussed, *supra,* the Eleventh Amendment of the United States Constitution bars suits against New York State unless New York State consents to be sued, or federal legislation overrides the State's sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Mullin v. New York State Department of Motor Vehicles*, 942 F.Supp. 110, 111 (E.D.N.Y 1996) This immunity also extends to state officers who are sued in their official capacities. *Id.* at 112. Therefore, Plaintiff's claims against these Defendants in their official capacities shall be dismissed.

Accordingly,

**IT IS ORDERED** herein as follow:

(1) The motions to dismiss now pending before the Court (Dkt Nos. 53 and 63) shall be, and the same hereby are, **GRANTED.**

(2) That the amended complaint (Dkt No. 48) be, and the same hereby is, **DISMISSED with prejudice.**

(3) That all other pending motions be, and the same hereby are, **DENIED as moot.**

(4) That this action be, and the same hereby is, **STRICKEN FROM THE DOCKET.**

A judgment in conformity herewith shall this date be entered.

17

This the 3rd day of February, 2010.



**Sitting by Designation**